114 F.3d 1194
 25 Media L. Rep. 2054
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank FASI, Plaintiff-Appellant,
v.
GANNETT COMPANY; Liberty Newspapers; Phillips Media
Services; and Rupert Phillips, Defendants-Appellees.
 No. 96-15129.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided May 27, 1997.
 
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Frank Fasi appeals from the district court's judgment granting defendants' motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(6). We have jurisdiction, 28 U.S.C. § 1291, and we AFFIRM.
 
 
 3
 Before reaching any question of state law, this court must determine whether the speech in question is protected by the First Amendment. See Masson v. New Yorker Magazine, 501 U.S. 496, 510 (1991). Because Fasi, as mayor of Honolulu, was a public figure at the time of the article, he has the burden to show both falsity and "actual malice." New York Times v. Sullivan, 376 U.S. 254, 268-70 (1964).
 
 
 4
 The First Amendment protects statements if they express an author's opinion and that opinion does not imply a false assertion of fact. E.g., Partington v. Bugliosi, 56 F.3d 1147, 1153 (9th Cir.1995). In its First Amendment analysis, this court considers the general tenor of the work, the defendants' language in the article, and whether the statements are capable of being proved true or false. Id. A review of the editorial at hand shows that the First Amendment protects the article.
 
 
 5
 The title, "Blackmail Incorporated," is a play on the phrase "murder incorporated." The term "extortionist" is placed in quotation marks, and the word blackmail is used in the context of "legalized blackmail." The First Amendment protects the "rhetorical hyperbole" and "imaginative expression" that authors use to enliven their prose. Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990). The fact that the rhetoric defendants used, in other contexts, could refer to factual assertions of criminal behavior is insufficient to defeat constitutional protection here. See Greenbelt Coop. Publ'g Ass'n v. Bresler, 398 U.S. 5, 13 (1970). Greenbelt makes clear that the words extortion and blackmail must be viewed in the context of the article to determine their meaning.
 
 
 6
 The context of the article reveals that the phrases extortion and blackmail are rhetorical and refer to the zoning controversy. The First Amendment protects statements when "an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts and leaving the reader free to draw his own conclusions." Partington, 56 F.3d at 1156-57. Here, the article outlines Fasi's controversial zoning proposal, comments on the inappropriateness of Fasi's behavior, and opines that Hawaii residents will be harmed. The colorful language in question, including the words "extortion" and "blackmail," describes a public official's actions and offers a harsh criticism of those actions. Such speech falls clearly within the First Amendment's protection.
 
 
 7
 No reasonable mind, in the context of the entire editorial, could have taken the article to accuse Fasi of the literal crimes of extortion and blackmail; as such, the speech is protected. See Underwager v. Channel 9 Australia, 69 F.3d 361, 367 (9th Cir.1995). The district court's dismissal of the action is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3